IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Se.H. ET AL                           *
                                      *
                                      *
v.                                    *     Civil No. – JFM-14-558
                                      *
BOARD OF EDUCATION OF ANNE            *
ARUNDEL COUNTY, ET AL.                *
                                  ******

## MEMORANDUM

This is an action brought under the IDEA, Section 504 of the Rehabilitation Act, and the ADEA. Plaintiff has filed a motion for partial summary judgment. Defendant has filed a motion for summary judgment. Plaintiff's motion will be denied, and defendant's motion will be granted.

The essential issue presented by this case is whether Se.H. has the right to be accompanied throughout the school day by an adult (or adults) trained in CPR and the Heimlich maneuver.

The facts are essentially undisputed. Se.H., who was in first grade during the 2013-14 school year, has many disabilities, including cerebral palsy and severe food allergies. He needs a wheelchair much of the time. Because of his serious food allergies, an Epi-Pen is kept in a pack on the back of his wheelchair. All staff at the school he attends has been trained in its use. At lunch Se.H. sits at a table with other classmates but his lunch area is demarcated by a yellow stripe about two and one half feet from the end of his table. Other people and their food are not allowed to cross into his lunch area. Se.H. generally feeds himself but he is helped by an aide in case he puts too much food on his spoon.

1

If Se.H. were to choke on his food or foreign object, he would require someone to perform the Heimlich Maneuver to dislodge the obstruction from his airway. His aide is not trained in the Heimlich maneuver. She also is not trained in CPR, which would be necessary if Se.H. went into respiratory arrest and became unconscious. The school nurse, who spends half of her time at the school attended by Se.H., is trained in the Heimlich maneuver and CPR. The school also has a health assistant, a licensed practical nurse, who is at Se.H.'s school full time and is trained in the Heimlich maneuver and CPR. The physical education teacher at the school is also trained in the Heimlich maneuver and CPR. Two cafeteria workers at the school are trained in the Heimlick maneuver.

The school's emergency plan in the event that Se.H. were to go into anaphylactic shock is to administer the Epi-Pen and call 911. In the event that Se.H. were to suffer from respiratory arrest, the emergency plan is to have CPR administered and to call 911. There is a walkie-talkie attached to the back of Se.H.'s wheelchair to summon help in an emergency. The walkie-talkie communicates with other walkie-talkies in the nursing office, the principal's office, and walkie-talkie's in the possession of Se.H.'s general education and special education teachers. Nursing staff can reach the cafeteria from the nursing office in four seconds; they can reach Se.H.'s first grade classroom in eighteen seconds. Most of Se.H.'s school day is spent in a general education classroom. He also has a one-to-one aide.

On these facts an administrative law judge found that defendant had not violated Se.H.'s rights. I agree. It is true that because of Se.H.'s physical condition, there is a greater risk he will need CPR or the administration of the Heimlich maneuver than other students. However, defendant has in place reasonable procedures to assure that if Se.H. does need assistance, there are persons available who will be able to help him. One certainly is sympathetic to Se.H. and his

parents. However, reasonableness is something less than perfection, and, as found by the administrative law judge, the measures that defendant has put in place provide adequate protection of Se.H.[1]

A separate order is being entered herewith affirming the decision of the administrative law judge.

Date: 3/31/15

J. Frederick Motz
United States District Judge

---

[1] Plaintiff complains of procedural irregularities. Assuming that they occurred, they are immaterial because, for the reasons stated, the emergency plan that defendant has in place for Se.H. complies with applicable law.